THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MJD INDUSTRIES, LLC d/b/a ARES TOOL,
a Washington limited liability company,

                    Plaintiff,

        v.

KYTSA ENTERPRISE, CO. LTD. d/b/a
OZARK, a Taiwanese company,

                    Defendant.

CASE NO. C20-0069-JCC

ORDER

        This matter comes before the Court on Defendant's motion to set aside the entry of
default and dismiss (Dkt. No. 19). Having thoroughly considered the parties' briefing and the
relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's
motion for the reasons explained herein.

I.      BACKGROUND

        Defendant is a Taiwanese trading company that connects product sellers with product
manufacturers. (Dkt. Nos. 21 at 1, 26 at 1.) Plaintiff sells hand tools through Amazon. (Dkt. Nos.
1 at 2–3, 26 at 1.) Plaintiff engaged Defendant to manufacture tools that it sold online from 2016
to 2019. (Dkt. Nos. 19 at 4, 24 at 2.)

        After the business relationship deteriorated, Defendant filed a lawsuit in California state
court on August 29, 2019, alleging Plaintiff failed to pay past due invoices. (Dkt. No. 20 at 9–

12.) When Plaintiff answered the California complaint, it raised affirmative defenses including failure to state a cause of action, offset, and unclean hands. (*Id.* at 49–50.) Plaintiff identified the facts upon which it based its affirmative defenses in response to a set of form interrogatories. (*Id.* at 55–68.) For its affirmative defenses of failure to state a cause of action, offset, and unclean hands, Plaintiff alleged that Defendant sent defective shipments and short shipments, failed to fulfill orders, fraudulently mislabeled products as "Made in Taiwan" when they were made in China, and interfered with Plaintiff's relationship with Taiwanese factories. (*Id.* at 54–57, 59–64.)

On January 15, 2020, Plaintiff filed the instant action. (Dkt. No. 1.) Plaintiff alleges that Defendant sent defective and short shipments, failed to fulfill orders, fraudulently mislabeled products as "Made in Taiwan" when they were made in China, and interfered with Plaintiff's relationship with Taiwanese factories. (*Id.* at 2–5.) Lukas Dong, an individual licensed to practice law in Taiwan, personally delivered the summons and complaint to Defendant's employee at Defendant's Taiwan offices. (Dkt. No. 30-3 at 1.) Defendant contested that service of process had been accomplished. (*See* Dkt. No. 30 at 6.)

By May 2020, Defendant had not appeared in this action. (*See id.*) On May 13, 2020, Plaintiff invited Defendant to attempt informal settlement negotiations to save the added costs of "responding to the Washington case." (Dkt. No. 28 at 6.) Defendant's counsel in the California action responded the same day with a proposal to "settle both the California and Washington matters." (*Id.* at 5.) On June 2, 2020, Plaintiff moved for entry of default against Defendant, and sent Defendant's counsel in the California action a copy of the filing. (Dkt. Nos. 12, 28 at 8.) The Clerk entered an order of default on June 3, 2020. (Dkt. No. 13.) Defendant's counsel appeared in the action the next day, and Defendant answered Plaintiff's complaint on June 15, 2020. (Dkt. Nos. 14, 15.) Defendant now moves to set aside the entry of default and dismiss Plaintiff's complaint. (*See* Dkt. Nos. 19, 29.)

//

ORDER
C20-0069-JCC
PAGE - 2

1   **II.    DISCUSSION**

2          **A.      Motion to Set Aside Entry of Default**

3          The Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c).[1] The

4   Court's discretion to do so is "especially broad when the defendant seeks to set aside an entry of

5   default rather than a default judgment." *Mendoza v. Wright Vineyard Mgmt.*, 783 F.2d 941, 945

6   (9th Cir. 1986). In determining whether there is good cause to set aside the Clerk's entry of

7   default, the Court must consider "whether (1) the plaintiff would be prejudiced by setting aside

8   the default; (2) the defendant has no meritorious defense; and (3) the defendant's culpable

9   conduct led to the default." *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994), *cert*

10  *denied*, 514 U.S. 1021 (1995). This test, which also applies to motions seeking relief from default

11  judgment, is more liberally applied where a party seeks relief from an entry of default. *United*

12  *States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir.

13  2010). Except in "extreme circumstances," a case should be decided on the merits. *Id.* at 1091

14  (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

15         Good cause exists to set aside the entry of default in this case. First, Plaintiff will not be

16  prejudiced by setting aside the default. Merely having to litigate the case on the merits does not

17  constitute sufficient prejudice. *See id.* at 1095. Second, Defendant's insufficient service of

18  process and compulsory counterclaim defenses are meritorious, as discussed more fully below.

19  *See id.* at 1094 (The "meritorious defense" requirement "is satisfied when the movant alleges

20  sufficient facts that, if true, would constitute a defense."). Finally, the Court does not find that

21  Defendant's culpable conduct led to the entry of default. "A movant cannot be treated as

22  culpable simply for having made the conscious choice not to answer; rather, to treat a failure to

23  answer as culpable, the movant must have acted with bad faith." *Id.* at 1092. Defendant did not

24  act in bad faith, but rather contested that service of process had been properly effectuated and

25  _____

26  [1] Because the Court finds good cause, the Court need not address Defendant's argument that the
    entry of default is void and thus setting it aside is non-discretionary. (*See* Dkt. No. 27 at 1.)

1   understood Plaintiff's invitation to negotiate an informal settlement in May 2020 to "obviate any

2   immediate need to file an answer in the Washington action." (Dkt. Nos. 28 at 6, 30 at 6).

3   Accordingly, the Court sets aside the entry of default.

4   **B.     Motion to Dismiss**

5       Defendant moves to dismiss Plaintiff's complaint on two grounds: 1) service of process

6   was insufficient and 2) Plaintiff should have asserted its claims in the pending California action

7   as compulsory counterclaims. (Dkt. No. 19 at 1–3.) The Court concludes that service of process

8   was insufficient and that Plaintiff's claims should have been brought as compulsory

9   counterclaims in the California action.

10      1.   Insufficient Service of Process

11      Service of process must be satisfied or waived before a federal court may exercise

12  personal jurisdiction over a defendant. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484

13  U.S. 97, 104 (1987); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350

14  (1999). "Once service is challenged, plaintiffs bear the burden of establishing that service was

15  valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). When service of

16  process is insufficient, courts have discretion to dismiss the action or quash service but retain the

17  case. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

18      Rule 4(h)(2) governs service of process on a corporation "at a place not within any

19  judicial district in the United States." Fed. R. Civ. P. 4(h)(2). It allows for service of process "in

20  any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under

21  (f)(2)(C)(i)." Plaintiff relies on Rule 4(f)(2)(A), which provides that, "if there is no

22  internationally agreed means" of service, service may be accomplished "by a method that is

23  reasonably calculated to give notice . . . as prescribed by the foreign country's law for service in

24  that country in an action in its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A).

25      Defendant argues that the manner of service attempted by Plaintiff—having an attorney

26  personally deliver the summons and complaint to a receptionist at Defendant's Taiwan office—is

ORDER
C20-0069-JCC
PAGE - 4

1   not prescribed by Taiwanese law. (Dkt. No. 19 at 11.) Defendant supports its argument with the

2   declaration of a lawyer licensed to practice and practicing law in Taiwan who avers that Article

3   123 of the R.O.C. Code of Civil Procedure requires a court clerk of Taiwan to administer service

4   of process except as otherwise provided. (Dkt. No. 23 at 1, 6.) According to the declaration, the

5   Code does not provide for service on Defendant to be accomplished by anyone other than the

6   clerk of court. (*Id.* at 1.) Consistent with Defendant's evidence, multiple district courts faced

7   with this question have concluded that the Code does not permit an individual other than the

8   court clerk to properly effectuate service on Taiwanese corporations. *See Fujitsu Ltd. v. Belkin*

9   *Int'l, Inc.*, 782 F. Supp. 2d 868, 874–78 (N.D. Cal. 2011); *Emine Tech. Co., Ltd. v. Aten Int'l*

10   *Co., Ltd.*, 2008 WL 5000526, slip op. at 4–5 (N.D. Cal. 2008).

11          Plaintiff's argument and evidence to the contrary are unavailing. Plaintiff submits a

12   declaration from a lawyer licensed to practice law in Taiwan as a Foreign Legal Affairs

13   Attorney, opining that service by personal delivery was proper under Article 265 of the R.O.C.

14   of Civil Procedure, which requires that, for purposes of oral argument preparation, parties must

15   submit a pleading to the court and send a written copy or photocopy of the same directly to the

16   opposing party. (Dkt. No. 30-3 at 2.) The Court is not persuaded that this article applies to

17   original service of process and Plaintiff submits no additional authority to support its position.

18   Plaintiff also argues that Article 123 of the R.O.C. Code of Civil Procedure is inapplicable

19   because it applies when cases are filed in and governed by the laws of Taiwan. (Dkt. Nos. 30 at

20   3–4, 30-3 at 2–3.) This argument misses the mark because Rule 4(f)(2)(A), by its very terms,

21   requires a method prescribed by the foreign country's law "for service in that country *in an*

22   *action in its courts of general jurisdiction*. *See* Fed. R. Civ. P. 4(f)(2)(A) (emphasis added).

23   Plaintiff has failed to carry its burden of establishing that service of process was sufficient.

24          Quashing service would be futile in this case. Because, as discussed below, the Court

25   concludes that Plaintiff's claims should have been brought as compulsory counterclaims in the

26   California action and are thus barred in this action, giving Plaintiff another chance to accomplish

1   service of process is unnecessary.

2              2.   <u>Plaintiff's Compulsory Counterclaims</u>

3          "Federal courts will not permit an action to be maintained where the claims asserted

4   should have been brought as a compulsory counterclaim in an earlier action." *In re Crown*

5   *Vantage*, 421 F.3d 963, 973 n.7 (9th Cir. 2005). Whether claims are compulsory counterclaims

6   that should have been pleaded in an earlier state court action is a question of state law. *Pochiro v.*

7   *Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).

8          California law requires state court defendants in civil actions to allege certain claims in a

9   cross-complaint:

> 10   (a)  Except as otherwise provided by statute, if a party against whom
> 11   a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving
> 12   his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the
>    related cause of action not pleaded.

13   Cal. Civ. Proc. Code § 426.30 (West 2020). A "related cause of action" is a "cause of action

14   which arises out of the same transaction, occurrence, or series of transactions or occurrences as

15   the cause of action which the plaintiff alleges in his complaint." *Id.* § 426.10(c). The term

16   "transaction" "may embrace a series of acts or occurrences logically interrelated." *Saunders v.*

17   *New Cap. for Small Bus., Inc.* 41 Cal. Rptr. 703, 711 (Cal. Dist. Ct. App. 1964); *see also Cheiker*

18   *v. Prudential Ins. Co. of Am.*, 820 F.2d 334, 337 (9th Cir. 1987). As such, the relatedness

19   standard does not require an "absolute identity" of factual backgrounds between the two claims,

20   "but only a logical relationship between them." *Align Tech., Inc. v. Tran*, 102 Cal. Rptr. 3d 343,

21   351–52 (Cal. Ct. App. 2009) (quoting *Currie Med. Specialties, Inc. v. Bowen*, 186 Cal. Rptr. 543,

22   544 (Cal. Ct. App. 1982)). The purpose of California's compulsory cross-complaint statute is to

23   prevent piecemeal litigation. *Align Tech*, 102 Cal. Rptr. 3d at 350; *Cheiker*, 820 F.2d at 337.

24   Courts liberally construe the term "transaction" to effectuate the statute's purpose of avoiding

25   multiplicity of actions. *See Cheiker*, 820 F.2d at 337; *Saunders*, 41 Cal. Rptr. at 710–11.

26

1    The Court finds that Plaintiff's claims in this case are logically related to Defendant's
2    claims in the California action. Defendant's claims in the California action and Plaintiff's claims
3    in this action both arose out of the parties' business relationship. *See Align Tech.*, 102 Cal. Rptr.
4    3d at 353 (finding claims logically related when they both arose out of the parties' employment
5    relationship); *Saunders*, 41 Cal. Rptr. at 712 (finding claims logically related when they both
6    flowed from the parties' fiduciary relationship). Moreover, Plaintiff's claims in this action are
7    substantially similar—if not identical—to some of its affirmative defenses in the California
8    action.[2] (Dkt. Nos. 1 at 2–5, 20 at 49–50, 54–57, 59–64); *see Align Tech.*, 102 Cal. Rptr. 3d at
9    353–54 (finding claims logically related when one could have been offered in support of
10   affirmative defenses to the other). The Court finds it difficult to see how Plaintiff's claims are
11   truly unrelated to the California action when Plaintiff already raised them as affirmative defenses
12   in the California action. In sum, Plaintiff cannot assert its claims here because they should have
13   been brought as compulsory counterclaims in the pending California action.[3]

14   **III.    CONCLUSION**

15        For the foregoing reasons, the Court GRANTS Defendant's motion to set aside the entry
16   of default and dismiss (Dkt. No. 19), VACATES the entry of default (Dkt. No. 13), and
17   DISMISSES Plaintiff's claims without prejudice.

18   //
19   //
20   //

21

---

22   [2] Plaintiff argues, in part, that the action here is different from the action in California because
23   this action concerns the alleged violation of 15 U.S.C. § 1125 regarding false designations of
     origin, which "could not be raised in the California Superior Court." (Dkt. No. 30 at 8.)
24   However, the Superior Court of the State of California has concurrent jurisdiction with this Court
     for claims arising under 15 U.S.C. § 1125(a). *See Entex Indus., Inc. v. Warner Commc'n*, 487 F.
25   Supp. 46, 48 (C.D. Cal. 1980).

26   [3] Nothing in this order is intended to bar Plaintiff from seeking leave to amend in the California
     action pursuant to Cal. Civ. Proc. Code § 426.50.

DATED this 5th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE